Kathleen V. TOWNSEND, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–1002.

United States Court of Veterans Appeals.

July 16, 1996.

Before FARLEY, MANKIN *, and IVERS, Judges.

## ORDER

PER CURIAM.

On April 25, 1996, the Court granted the motion of the appellant's counsel to withdraw as counsel and ordered a stay of proceedings for 30 days in order to permit the appellant to obtain, with the assistance of his former counsel, a new attorney. On May 29, 1996, the Court granted the motion of William B. Creeger of The Veterans Consortium Pro Bono Program for limited appearance and a stay of proceedings until July 13, 1996, for the purpose of case screening. Both stays having expired without the filing of a Notice of Appearance of new counsel or any other filing by Mr. Creeger, this appeal will proceed on a pro se basis.

■ The issue now before us is whether the Court has jurisdiction to hear this appeal. The pertinent procedural history is as follows: On October 10, 1995, the appellant filed a Notice of Appeal (NOA) from a May 24, 1995, Board of Veterans' Appeals (Board or BVA) decision. On November 27, 1995, the Court ordered that the Secretary file a copy of VA Form 23–22 (Appointment of Veterans Service Organization as Claimant's Representative) and a declaration addressing whether the BVA mailed a copy of its decision directly to the appellant's representative in accordance with 38 U.S.C. § 7104(e).

On February 20, 1996, the Secretary filed a response to the Court's order and a motion to dismiss for lack of jurisdiction. The appellant filed her response on March 11, 1996.

* Judge Mankin did not participate in this decision.

The appellant's counsel subsequently filed a motion for leave to file the response out of time, asserting that he had been away from his office when he received the Secretary's motion. In response to the Secretary's motion to dismiss, the appellant asserts that the NOA was mailed within the 120–day filing period to the Court at its former address pursuant to an outdated NOA form provided by the Isabella County Office of Veterans Affairs in Mount Pleasant, Michigan. In support, counsel annexed photocopies of the NOA form instructing that appeals be filed with the Court at 1625 K Street, N.W., Suite 400, Washington, D.C. 20006, and of an envelope addressed to the Court at that address bearing a September 18, 1995, postmark. When the NOA was returned as undeliverable, the appellant mailed the NOA to the Court's current address. The NOA was ultimately received by the Court on October 10, 1995, nineteen days after the 120–day filing period had expired. The appellant requests that the Court accept his NOA as timely filed.

■ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2 (1990). The ultimate burden of establishing jurisdiction rests with the appellant. *Bethea v. Derwinski,* 2 Vet.App. 252 (1992), *citing McNutt v. G.M.A.C.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). To be timely under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Butler v. Derwinski,* 960 F.2d 139 (Fed.Cir.1992). An NOA is deemed "received" by the Court (1) on the date of actual receipt, if delivered, or (2) on the date of the U.S. postmark, "if the notice is *proper-*

*ly addressed*" to the Court and is mailed. 38 U.S.C. § 7266(a)(3) (emphasis added).

■ In the instant case, the Court did not receive the appellant's NOA within the 120–day filing period. The Court was not in "actual receipt" of the NOA until October 10, 1995, and while the postmark on the envelope bearing the Court's former address predated the expiration of the 120–day filing period, the envelope was not properly addressed in that it reflected an address at which the Court has not been located in more than five years. It is irrelevant that the appellant relied upon information provided by the Isabella County Office of Veterans Affairs, a local government's veterans service organization. *Shields v. Brown*, 8 Vet.App. 346, 351 (1995) (Court rejected appellant's argument that she was prevented from filing a timely claim by representations of a local veterans service office); *cf. Grubbs v. Derwinski*, 2 Vet.App. 78, 79 (1991) (finding NOA timely where appellant mailed NOA to wrong address in reliance on information provided by the BVA). Here, the BVA provided the appellant and her then representative with the Court's current address in the "Board of Veterans' Appeals Notice" which accompanied the BVA decision. Where an appellant's representative relies, to the appellant's detriment, on the advice of an entity other than VA, the appellant must look to the representative, not VA, for recovery. *Shields*, 8 Vet.App. at 351; *see also Robinson v. United States Navy*, 342 F.Supp. 381, 383 (E.D.Pa.1972) (if the fault or negligence was that of his representative, the appellant may look to the representative for recovery). As the appellant's NOA was not filed with the Court within the 120–day filing period, the Court concludes that it is without jurisdiction to adjudicate the instant appeal.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for leave to file a response out of time is granted. It is further

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.