**Stewart L. DUDNICK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 96–327.

United States Court of Veterans Appeals.

Sept. 12, 1996.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On April 2, 1996, the appellant filed a Notice of Appeal (NOA) from a June 1, 1995, Board of Veterans' Appeals (BVA) decision. The BVA had received the appellant's motion for reconsideration on October 3, 1995, and denied it on February 27, 1996. The Secretary has filed a motion to dismiss for lack of jurisdiction.

Since the appellant was represented at the BVA by the Disabled American Veterans (DAV), the Secretary has provided (1) an affidavit stating that on June 1, 1995, the BVA mailed the decision to the representative's national office and (2) a VA Form 23–22 completed by the appellant and designating the DAV with no specific address.

In response to the Secretary's motion to dismiss, the appellant has filed a statement with supporting documentation from the United Parcel Service (UPS) asserting that the BVA received his motion for reconsideration on September 29, 1995. The pertinent documentation consists of two UPS receipts: (1) a Delivery Confirmation Request stamped "BVA October 3, 1995" and (2) a UPS delivery notification reflecting that a shipment was delivered to "Department of Veterans' Affairs," 810 Vermont Avenue, NW, Washington, DC 20220, on September 29, 1995. The Court notes that the mailing address of the BVA is 811 Vermont Avenue, across the street from other departmental offices, including the Secretary's, located at 810 Vermont Avenue. *See* FEDERAL STAFF DIRECTORY 788–89 (Ann L. Brownson ed., Spring ed. 1996).

Upon the filing of a request for reconsideration by the BVA within the 120–day time period, the finality of the BVA decision is abated, and a new 120–day time period begins to run on the date on which the BVA

mails its denial of the request to reconsider or its new decision on reconsideration. *See Rosler v. Derwinski,* 1 Vet.App. 241 (1991). In the instant appeal, the Court finds that the appellant filed a motion for reconsideration at the VA on September 29, 1995, within the 120–day time period, and therefore, the finality of the BVA decision was abated until the denial of the appellant's motion for reconsideration on February 27, 1996.

The Court finds that on April 2, 1996, the appellant filed his NOA with the Court in a timely fashion, and the Court has jurisdiction over this appeal.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is denied. It is further

ORDERED that the Secretary, within 30 days after the date of this order, file with the Clerk and serve on the appellant the designation of the record on appeal.

STEINBERG, Judge, concurring in the result:

I agree that the appellant's Notice of Appeal was timely filed on April 2, 1996, because the appellant's motion for reconsideration by the Board of Veterans' Appeals (BVA) was filed with the Secretary at the address of the Secretary's office, 810 Vermont Ave., N.W., Washington, D.C., within 120 days after mailing of a copy of the June 1, 1995, BVA decision for which reconsideration was being sought. *See Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991); 38 U.S.C. § 7266(a). As far as the record on appeal or matters of public record indicate, as of September 29, 1995, or thereabouts, neither the BVA Chairman nor any official or employees of the BVA had offices at 810 Vermont Ave., N.W. (it appears that at that time BVA offices were located across the street at 811 Vermont Ave., N.W.). It seems to me that the Court, in accepting the motion for reconsideration as having been "filed ... at the VA", is determining that delivery to the address of the Secretary is constructive delivery to the BVA.