**Oliver L. JAQUAY, Appellant,**

v.

**Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.**

No. 95–510.

United States Court of Veterans Appeals.

Feb. 9, 1998.

Thomas W. Stoever, Jr., Denver, CO, was on the pleadings for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Special Assistant to the Assistant General Counsel; and Andrew J. Mullen, Washington, DC, were on the pleadings for appellee.

Kenneth M. Carpenter, Topeka, KS, was on the pleading for the National Organization of Veterans' Advocates, Inc., as amicus curiae.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

STEINBERG, Judge:

The case is before the Court pursuant to a May 23, 1995, Notice of Appeal (NOA) as to a September 20, 1993, Board of Veterans' Appeals (Board or BVA) decision. Presently pending is the Secretary's motion to dismiss the appeal for want of a timely filed NOA. For the reasons that follow, the Court will grant that motion and dismiss the appeal for lack of jurisdiction.

### I.  Procedural Background and Facts

This case has a complex procedural history, which is briefly summarized as follows. On August 1, 1995, the Secretary filed a motion to dismiss, arguing that the NOA was untimely because the Court received it more than 120 days after the mailing of the notice of the Board decision sought to be appealed. The Secretary also notes that the appellant had filed (on December 27, 1993) a motion for BVA reconsideration with a Department of Veterans Affairs (VA) regional office (RO) instead of with the BVA pursuant to 38 C.F.R. § 20.1001(b) (1997), and that that motion was not forwarded by the RO to the BVA until October 1994, resulting in the Board's receipt of the motion on November 17, 1994. The Secretary argues that because that reconsideration motion was not received by the BVA within 120 days after the mailing of the BVA decision in question, the 120-day period for filing an NOA with this Court under 38 U.S.C. § 7266(a) [hereinafter NOA-filing period] was not tolled within the meaning of *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). The motion for reconsideration was denied by the Board Deputy Vice Chairman on January 27, 1995, and that denial—if the NOA-filing period had been tolled under *Rosler, supra*, by the motion for reconsideration—would mean that the appellant's May 23, 1995, NOA was timely filed with this Court.

The appellant argues that the RO had a duty to forward the motion for reconsideration to the BVA. In light of this and because the Secretary's motion to dismiss raises a question about the interpretation of 38 C.F.R. § 20.1001(b) and whether the motion for reconsideration tolled the NOA-filing period in this case, this case was referred to this panel. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990) (single-judge disposition appropriate only where case is one "of relative simplicity" whose outcome is controlled by Court's precedents and is "not reasonably debatable"). Additional orders by the Court and responses by the Secretary and the appellant have further developed the issue of whether the NOA was timely filed within the meaning of *Rosler*. The Court also granted an unopposed motion by the National Organization of Veterans' Advocates, Inc., to appear as amicus curiae in this case. All of the ordered pleadings have been filed and considered, and the issue is now ready for resolution.

### II.  Analysis

Section 7266(a)(1) of title 38, U.S.Code, provides:

In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall

file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

38 U.S.C. § 7266(a)(1). The pertinent precedent is plain: When a claimant

> **files a motion for reconsideration with the BVA** during the 120-day judicial appeal period, the finality of the initial BVA decision is abated by that motion.... A new 120-day period begins to run on the date on which the BVA mails to the claimant notice of its denial ... [or, if the motion is granted] on the date that notice of the decision of an expanded section of the BVA is mailed to the claimant.

*Rosler,* 1 Vet.App. at 249 (emphasis added); *see also Murillo v. Brown,* 10 Vet.App. 108, 109–10 (1997) (where there are multiple motions for reconsideration, if each is filed within NOA-filing period, each tolls NOA-filing period anew). Because the Court received the appellant's NOA in the instant case on May 23, 1995—within 120 days after the BVA Deputy Vice Chairman's January 27, 1995, denial of the appellant's motion for reconsideration—the only issue presently before the Court is whether the appellant's submission of that motion to the RO constituted a filing with the BVA within the meaning of *Rosler* so as to toll the period for filing an NOA with this Court. As recognized in the Court's briefing order and the pleadings of the parties and the amicus curiae, this question implicates, inter alia, the interpretation of and authority for 38 C.F.R. § 20.1001(b); the relationship among the RO, the BVA, and the Secretary; the question whether the RO had a legal obligation to forward to the BVA in a more timely manner the motion for reconsideration and/or a legal obligation to return the motion to the claimant promptly with a notice that he needed to file it directly with the BVA; and, if so, what difference that would make as to the timeliness of the NOA. On the basis of the following analysis, the Court holds that the appellant's motion for reconsideration was not "filed" with the BVA in accordance with *Rosler* and that, therefore, the Court lacks jurisdiction over the appeal.

### A. Authority for and Interpretation of 38 C.F.R. § 20.1001(b)

▮ The Secretary relies on 38 C.F.R. § 20.1001(b), which states:

> A motion for reconsideration of a prior [Board] decision may be filed at any time. Such motions must be filed at the following address: Director, Administrative Service (014), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC[,] 20420.

38 C.F.R. § 20.1001(b). The Secretary is granted broad power in 38 U.S.C. § 501(a) "to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws, including ... the forms of application by claimants under such laws". Because 38 U.S.C. § 7103(a), which states only that "the Chairman [may] order[ ] reconsideration ... on the Chairman's initiative or upon motion of the claimant", does not specify where a claimant is to file a motion for BVA reconsideration, the Secretary necessarily must determine where such a motion is to be filed. *Cf.* 38 U.S.C. § 7105(b)(1) (specifying that Notice of Disagreement as to agency of original jurisdiction (AOJ) decision to be filed with AOJ). Because nothing in the governing *statutory* provisions specifies where a motion for BVA reconsideration is to be filed, § 20.1001(b) cannot be said to be inconsistent "with those laws". *Cf. Boyer v. Derwinski,* 1 Vet.App. 531, 534–35 (1991) (invalidating, as inconsistent with 38 U.S.C. § 7104(a), portion of regulation implicitly stating that Board reconsideration was not de novo). Moreover, such specification is, at least, "appropriate" within the meaning of section 501(a) where the making of procedural rules and the reconsideration by administrative bodies of their decisions are both matters traditionally committed to agency discretion. *See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.,* 435 U.S. 519, 543, 98 S.Ct. 1197, 1211, 55 L.Ed.2d 460 (1978) ("[a]bsent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure" (internal quotation marks omitted)); *United States v.*

*Pierce Auto Freight Lines,* 327 U.S. 515, 535, 66 S.Ct. 687, 697–98, 90 L.Ed. 821 (1946) ("it has been held consistently that rehearings before administrative bodies are addressed to their own discretion"); *cf. Boyer, supra.*

Accordingly, the Court holds that the Secretary acted within his regulation-prescribing authority under section 501(a) in establishing the requirement that a claimant's motion for reconsideration be filed with the Board.

■ As to the meaning of the regulation, the Court finds that § 20.1001(b) is plain on its face. *See Gardner v. Brown,* 5 F.3d 1456, 1458 (Fed.Cir.1993) ("starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter" (internal quotation marks omitted)), *aff'd,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); NORMAN J. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46.01 (5th ed.1992) (plain meaning rule); *Smith (William) v. Brown,* 35 F.3d 1516, 1523 (Fed.Cir.1994) ("canons of construction of course apply equally to any legal text and not merely to statutes"). On its face, 38 C.F.R. § 20.1001(b) requires that a motion for reconsideration be filed with the Board and not with an RO or VA office.

### B. Meaning of "Filing" with the Board

■ In *Rosler,* the Court stated:

In determining whether the initial reconsideration motion was filed within the 120-day judicial appeal period, the BVA, in essence, will need to treat the motion as if it were an NOA filed with this Court and apply our decisions in determining the length of the judicial appeal period and the application of 38 U.S.C. § 7266(a) to the facts of the particular case.

*Rosler,* 1 Vet.App. at 249. The Court's caselaw has made plain that an "NOA must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the BVA decision was mailed to an appellant". *Perez v. Brown,* 9 Vet.App. 452, 454 (1996). Indeed, the Court has stated that "deemed so received" is quite narrow and that "actual receipt" is the general rule: "An NOA is deemed 'received' by the Court (1) on the date of actual receipt, if delivered, or (2) on the date of the U.S. postmark, 'if the notice is *properly addressed'* to the Court and is mailed". *Townsend v. Brown,* 9 Vet.App. 258, 259–60 (1996) (per curiam order). The Court has routinely rejected as untimely NOAs received by the Court after the 120-day NOA-filing period when they were, for whatever reason, initially misaddressed or misfiled. *See Townsend, supra* (because Court "was not in 'actual receipt' ", NOA was not timely where received 139 days after mailing of BVA decision even though envelope with improper Court address bore timely postmark and even though appellant relied upon information provided by county veterans' affairs office in mailing NOA); *Elsevier v. Derwinski,* 1 Vet.App. 150, 152–53 (1991) (per curiam order) (NOA was invalid where sent to BVA but not received by Court until after expiration of 120-day NOA-filing period, even though BVA had not informed appellant until after expiration of 120-day period that NOA needed to be filed with Court); *see also Chadwick v. Derwinski,* 1 Vet.App. 74, 76 (1990) (NOA was valid where incorrectly sent to BVA but nevertheless received by Court within 120 days after BVA decision); *cf. Grubbs v. Derwinski,* 2 Vet.App. 78, 79 (1991) (per curiam order) (NOA was valid where erroneously sent within NOA-filing period to Court's old address based on information provided by Board and where Court could not establish time of receipt at old address); *Torres v. Derwinski,* 1 Vet. App. 15, 16–17 (1990) (NOA was valid where filed with RO during NOA-filing period when Court was still organizing and had not yet designated mailing address for appeals).

The foregoing makes plain that the Court's caselaw regarding the filing of an NOA contemplates the date of actual receipt as the date of filing, except that properly addressed NOAs will be considered timely filed based upon their legible U.S. postmark. In the instant case, the parties do not dispute that, in fact, the motion for reconsideration was both addressed and mailed to the RO, the wrong addressee, and that the Board was not in "actual receipt" of that motion until long after the 120-day NOA-filing period had expired. *Cf. Dudnick v. Brown,* 9 Vet.App. 397, 397–98 (1996) (per curiam order), dis-

cussed in part II.C.1., below, regarding the concept of constructive receipt. In such a situation, and in light of the *Rosler* instruction as to application of the Court's caselaw regarding filing of NOAs, the Court concludes that the motion for reconsideration was "filed" with the BVA in the instant case only upon the Board's actual receipt of the motion on November 17, 1994, unless, as discussed in part II.C.1., below, the RO's receipt constituted constructive receipt by the Board.

### C. Additional Issues

The appellant makes two contentions in order to excuse his failure to file his motion for reconsideration with the BVA within the 120-day NOA-filing period: (1) That receipt by the RO was constructive receipt by the Board and (2) that the RO had a duty to forward the motion to the Board or to return it to the appellant with instructions that it was to be filed with the Board. Additionally, the amicus curiae argues that the notice of appellate rights accompanying the BVA decision was misleading. The Court finds all three contentions to be unavailing.

■ *1. Constructive notice:* The Secretary concedes that the RO is the Secretary's agent (Appellee's Supplemental Memorandum at 15), and the Court concludes that this is so. *See* 38 U.S.C. § 512 ("Secretary may assign functions and duties, and delegate, or authorize successive redelegation of, authority to act and to render decisions, with respect to all laws administered by the Department, to such officers and employees as the Secretary may find necessary"); 38 U.S.C. §§ 7701, 7703(1) (establishing Veterans Benefits Administration (VBA), within VA, "under the Under Secretary for Benefits, who is directly responsible to the Secretary for the operations of the [VBA]", which has responsibility for administering, inter alia, compensation and pension programs); *see also* 38 U.S.C. § 306 (establishing Under Secretary for Benefits as "directly responsible to the Secretary"); 38 C.F.R. § 2.6(b) (1997) ("Chief Benefits Director is delegated authority to act on all matters assigned to the [VBA] . . ."). There is also no question that, in material respects, the Board is also an agent of the Secretary. *See* 38 U.S.C. § 7104(a) (appellate decision by Secretary "shall be made by the Board"); 38 C.F.R. § 20.101(a) (1997). Furthermore, receipt by an agent is recognized as receipt by the principal. *See generally Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir.1994) ("[i]n general, when an agent is employed to represent a principal with respect to a given matter and acquires knowledge material to that representation, for purposes of assessing the principal's rights and liabilities vis-à-vis a third person the agent's knowledge is imputed to the principal") (citing *Restatement (Second) of Agency* § 9(3)); *Martin Marietta Corp. v. Gould, Inc.*, 70 F.3d 768, 773 (4th Cir.1995) ("under the rule of imputation the principal is chargeable with the knowledge the agent has acquired, whether the agent communicates it or not"); *United States v. Georgia–Pacific Co.*, 421 F.2d 92, 97 n. 9 (9th Cir.1970) (applying principles of agency to U.S. government). However, the Court can find no legal support for the proposition that receipt by one decisionmaking agent of the Secretary—the RO—should be deemed to be constructive receipt by another decisionmaking agent of the Secretary—the BVA.

Additionally, the cases relied upon by the appellant—*Donovan v. Local 514, United Bhd. of Carpenters*, 609 F.Supp. 413, 415 (M.D.Pa.1984), and *Torres* and *Dudnick*, both *supra*—do not support constructive notice in this case. In *Donovan*, a union member attempted to file a complaint regarding a union election, which complaint is required by statute to be filed with the Secretary of Labor within 30 days after the violation of which the member complains; when he tried to deliver it by hand within that period to a recently closed Labor Department Labor Management Services Administration (LMSA) office, employees of the Labor Department Wage and Hour Division directed him to forward the complaint to the National Labor Relations Board. *Donovan*, 609 F.Supp. at 415. The court there concluded that a multitude of factors—including the "remedial purposes" of the relevant law, the efforts by the appellant, the closing of the LMSA office, the lack of prejudice to the defendant, the misinformation supplied by department employees, the fact that actual

filing with the LMSA office would have constituted filing with the Secretary had it occurred, and the Secretary's position that the complaint was timely filed—led to the court's conclusion that the attempt to file at the LMSA office constituted a timely filing. *Id.* at 416. Similarly, *Torres* was itself limited to "circumstances ... [that] can only arise at the initial phase of a court's operation, [where] literal compliance with the statute was impossible." *Torres*, 1 Vet.App. at 17. In the instant case, there is no indication that the appellant failed to comply with the requirements of 38 C.F.R. § 20.1001(b) because compliance was impossible or that his non-compliance was precipitated in any manner by the actions of any employee of VA; as is made clear in part II.C.3., below, he was on notice of the appropriate location for filing and mistakenly sent the motion to the RO.

In *Dudnick*, the appellant's motion for reconsideration was not actually received by the BVA until after the expiration of the 120-day NOA-filing period. It was delivered by private mail to "Department of Veterans Affairs", at the same street address, 810 Vermont Avenue, identified in § 20.1001(b), within the NOA-filing period, and the record did not reveal whether the motion was addressed to either the BVA generally or specifically to the Director, BVA Administrative Service, as required by § 20.1001(b). Under that narrow set of facts, the Court concluded that the motion was "filed" with the BVA for the purposes of *Rosler; see also id.* at 398 (filing with the Secretary was "constructive delivery to the BVA") (Steinberg, J., concurring). Here, there is no doubt as to the motion's having been misaddressed and received late by the correct addressee, and the Court declines to expand *Dudnick* beyond the facts of that case. The Court thus holds that the BVA had neither constructive nor actual notice of the motion for reconsideration in this case.

■ **2. Duty to forward or return with instructions:** The appellant argues that the RO had a duty either to forward the motion for reconsideration to the Board in a timely manner or to return it to the appellant in a timely manner with instruction as to its proper filing. The Court can find no such duty

expressly established in statute, regulation, or the VA Adjudication Procedure Manual M21–1 (Manual M21–1). *Cf.* Pub.L. No. 105–111, 111 Stat. 2271 (Nov. 21, 1997) (making prior final BVA decisions subject to challenge on ground of clear and unmistakable error (CUE) by means of original claim filed at Board and, pursuant to newly enacted 38 U.S.C. § 7111(f), requiring that any such CUE claim submitted to "the Secretary" be forwarded to BVA); VA All Station Letter 5–01 (Jan. 6, 1995) (discussed in Secretary's May 13, 1996, Supplemental Memorandum at 5, and attached at Exhibit 7) (where claimant seeks to pursue claim of CUE as to matter in which there has been final BVA decision, heretofore precluded under *Smith*, 35 F.3d at 1526, RO must notify claimant that it does not have jurisdiction and "include language advising that a motion for reconsideration may be filed at the BVA"); *cf. also Cohen v. Brown*, 10 Vet.App. 128, 139 (1997) (discussing Court cases ruling that certain Manual M21–1 provisions are "the equivalent" of VA regulations).

In any event, a failure to perform such a duty could not, in this case, yield the equitable remedy of a judicial holding that the motion had been filed with the Board within the 120-day NOA-filing period. As the Court concluded in part II.B., above, the Court's NOA caselaw controls when a motion for reconsideration will be deemed to be received by the Board, and the Court's NOA law has held that "actual" receipt is required except where the statute otherwise expressly provides to the contrary. *See Perez* and *Townsend*, both *supra*. Just as the Court concluded in *Townsend, supra*, that any failure on the part of the Board to forward an NOA erroneously filed with it—when the appellant was otherwise properly instructed as to filing requirements—could not toll the NOA-filing period, so here the Court concludes that even if the Court were to assume that the RO had failed in some duty to forward or return the misaddressed motion, such a failure could not produce for the appellant the actual receipt by the Board required under our law. Nothing in the Court's NOA caselaw permits such a remedy. *See Butler v. Derwinski*, 960 F.2d 139, 141 (Fed.Cir.1992) (38 U.S.C. § 7266(a) "does not allow an extension of

time upon a showing of good cause"); *Dudley v. Derwinski,* 2 Vet.App. 602, 603 (1992) (en banc order); *Jones (Ponce) v. Derwinski,* 2 Vet.App. 362, 363 (1992) (per curiam order). Although two judges of the Court have suggested that equitable tolling may have acquired new life since the *Butler* decision, *see Bailey v. Gober,* 10 Vet.App. 454, 454, 455 (1997) (en banc per curiam order) (Kramer, J., dissenting; Steinberg, J., dissenting), the cases relied upon there contemplate that late filing due to the appellant's own lack of diligence is a bar to seeking such equitable relief. *See Juice Farms, Inc. v. United States,* 68 F.3d 1344, 1346 (Fed.Cir.1995); *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990) (holding that equitable tolling is available in suits against government but not more favorable tolling than against a private litigant, noting that courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights"); *Weddel v. Secretary of HHS,* 100 F.3d 929, 931 (Fed.Cir.1996) ("equitable tolling stops the running of the statute of limitation if, despite all due diligence, plaintiffs are unable to obtain essential information concerning the existence of their claim"). The appellant here, who was correctly informed of filing requirements (*see* part II.C.3., below), cannot be said to have exercised the due diligence required to invoke equitable tolling even if such a remedy were available in this Court. As noted in part II.C.1., above, the misfiling here was in no way attributable to any action of VA or its agents. *Cf. Donovan, supra.*

**3. Notice of appellate rights:** Amicus curiae suggests that the notice of appellate rights provided to the appellant was defective because the address for filing a motion for reconsideration provided in the notice was not identical to that provided in § 20.1001(b). It is correct that notification of appellate rights is required by statute. 38 U.S.C. § 5104(a). *See Thompson (Charles) v. Brown,* 8 Vet.App. 169, 175–76 (1995), *partially vacated on other grounds,* 8 Vet. App. 430 (1995). The mailing of the Board's September 1993 decision was accompanied by a VA Form 4597, which states, inter alia:

(1) You may file a motion for reconsideration of this BVA decision at the following address: Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC[,] 20420....

(2) You may have the right to appeal this decision to the United States Court of Veterans Appeals. You may appeal to the Court a final decision of the BVA that follows a notice of disagreement filed on or after November 18, 1988. A Notice of Appeal must be filed with the Court within 120 days from the date of mailing of the notice of the BVA decision....

*Oliver L. Jaquay,* BVA 93–09 432, at 6 (Sept. 20, 1993) (BVA decision transmitted by Secretary on June 22, 1995). The BVA decision was also accompanied by a notice of appellate rights in a format (*id.* at 5) that the Court has previously held is effective and sufficient notice of such rights. *Pittman v. Brown,* 9 Vet.App. 60, 64–65 (1996), *rev'd on other grounds,* No. 96–7046, 1997 WL 488746 (Fed. Cir. Aug. 25, 1997) (non-precedential action); *see also Cornett v. Brown,* 9 Vet.App. 260 (1996) (per curiam order). The appellant was thus given personal notice, in addition to that provided by 38 C.F.R. § 20.1001(b), *see Fed. Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947), and *Morris (John) v. Derwinski,* 1 Vet.App. 260, 265 (1991), as to the correct location for filing a motion for reconsideration, and he was informed of how to preserve appellate rights by filing an NOA with the Court. In as much as the appellant's filing of his motion for reconsideration was addressed to neither the BVA address on the VA Form 4597 nor to the address in § 20.1001(b), the Court has no occasion to consider whether a filing that did comply with the VA Form 4597 address, although not with § 20.1001(b), was a "filing" within the meaning of *Rosler. See Dudnick, supra.* In any event, the VA Form 4597 clearly states that filing is to be made with the Board.

The amicus curiae also suggests that the VA Form 4597 is misleading because it states that a claimant "may" file a motion for reconsideration at the listed address. However, as the Court reads the language in question, the permissive "may" goes to the filing of the

motion rather than to the location of the filing just as the "may appeal to the Court" goes to the filing of an appeal here. Moreover, "[t]he Supreme Court has held that everyone dealing with the Government is charged with knowledge of federal statutes and lawfully promulgated agency regulations. *Merrill, supra.* Thus, regulations are binding on all who seek to come within their sphere, 'regardless of actual knowledge of what is in the [r]egulations or of the hardship resulting from innocent ignorance.' *Id.* at 385, 68 S.Ct. at 3–4." *Morris, supra.* Because VA Form 4597 is not misleading on its face, and because the appellant is in any event charged with knowledge of § 20.1001(b), which states that motions for reconsideration "must" be filed with the Board, the Court can find no offense in the notice provided the appellant here that would allow the remedy of the Court's finding jurisdiction over this appeal based on the facts of this case.

### III. Conclusion

Upon consideration of the pleadings of the parties, the BVA decision transmitted by the Secretary, and the foregoing analysis, the Court holds that it lacks jurisdiction over the September 20, 1993, Board decision because the appellant's NOA was not timely filed in this Court and the NOA-filing period was not tolled by the appellant's filing with the RO of his motion for BVA reconsideration. The Court wishes to express its appreciation to both parties and the amicus curiae for the extensive pleadings filed in this case.

APPEAL DISMISSED.