**Emanuel A. ZAJICEK, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.**

**No. 98–429.**

United States Court of Veterans Appeals.

Nov. 19, 1998.

Robert V. Chisholm was on the pleadings for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and Ari Nazarov, Washington, DC, were on the pleadings for appellee.

Before FARLEY, IVERS, and STEINBERG, Judges.

STEINBERG, Judge:

This case involves an attempt to appeal, through a putative March 5, 1988, Notice of Appeal (NOA), a January 15, 1998, decision of the Acting Chairman of the Board of Veterans' Appeals (BVA or Board) denying reconsideration of a June 24, 1997, BVA decision. The appellant did not address the envelope containing his motion for reconsideration exactly as prescribed in the applicable Department of Veterans Affairs (VA) regulation (38 C.F.R. § 20.1001(b) (1997)) or the instructions on the VA Form 4597 BVA Notice [hereinafter "BVA Notice"] enclosed with the June 1997 decision. He did not include the internal VA mail routing number—"(014)"—after "Director[,] Administrative Service", and he addressed the envelope to "Board of Veterans Affairs" rather than "Board of Veterans' Appeals." However, the title of the addressee, street address, city, state, and postal zip code were all correct. The envelope was routed to the Veterans Benefits Administration in VA Central Office (VACO) in Washington, DC, and by that staff to the New Jersey VA regional office (RO) that had handled the veteran's claim. The motion for reconsideration was finally received by the Board more than 120 days after the date on which notice of the BVA decision was mailed, and the Secretary has

moved to dismiss, asserting that the Court lacks subject-matter jurisdiction because the motion for reconsideration is untimely. For the reasons that follow, the Court will deny the Secretary's motion and direct the parties to proceed with pertinent filings as to the appeal.

## I. Background

On March 5, 1998, the veteran, then pro se, filed a putative NOA from the January 15, 1998, decision of the Acting BVA Chairman denying reconsideration of the June 24, 1997, BVA decision. The Secretary later moved to dismiss, asserting that the BVA had received the veteran's motion for reconsideration on November 10, 1997, more than 120 days after the date stamped on the Board's June 24, 1997, decision, and that the Court thus lacks subject-matter jurisdiction over the case because he did not file a timely appeal. Motion (Mot.) at 4–5. On July 20, 1998, the veteran filed through counsel an opposition to the Secretary's motion to dismiss; the veteran asserts that his motion for BVA reconsideration was dated September 2, 1997, that it was mailed on or about that same day, and that it should have been received by the Board shortly thereafter. Opposition (Opp'n.) at 2–3. As evidence, he provided a photocopy of an envelope that was postmarked September 4, 1997, and was stamped "received" on September 18, 1997, by "Veterans Program Staff". See Attachment to Appellant's Opp'n. The envelope was addressed as follows: "Director[,] Administrative Service, Board of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420". The letter bore exactly the same address and was entitled "*MOTION FOR RECONSIDERATION*" at the top of each of its two pages, and made reference to "your letter of June 24, 1997," the date of the underlying BVA decision in this case. The veteran contends that receipt of his motion by the BVA on or about September 2, 1997 (the date on the motion), would have tolled the 120–day period set forth in 38 U.S.C. § 7266(a)(1) in which to file an NOA until the mailing of the Acting BVA Chairman's January 15, 1998, letter denying reconsideration. Opp'n. at 2–3.

On July 23, 1998, the Court ordered the Secretary to reply to the appellant's opposition. The Secretary did so on September 4, 1998, renewing his motion to dismiss and filing in support thereof a declaration from Nancy D. Stackhouse, Director of the BVA Administrative Service. The declaration stated the following: That (1) the address on the above-referenced September 4, 1997, postmarked envelope did not contain the internal VA mail routing symbol (014); (2) the letter was sent by the VACO mail room to the Veterans Service Program Staff, an office of the Veterans Benefits Administration in VACO; (3) the letter was later forwarded to the Newark, New Jersey, VARO, which had jurisdiction over the veteran's claims folder; (4) on November 10, 1997, the Board had received a letter dated November 4, 1997, with an enclosure dated September 2, 1997, entitled *MOTION FOR RECONSIDERATION;* and (5) the veteran's claims folder contains the envelope in which the original motion for reconsideration was mailed with no indication that that envelope or its contents was ever delivered separately to the Board.

## II. Analysis

■ Generally, to be timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA must be received by the Court, or legibly postmarked, within 120 days after notice of the BVA decision is mailed to a claimant and any representative of that claimant. See *Butler v. Derwinski*, 960 F.2d 139, 140–41 (Fed.Cir.1992); *Rosler v. Derwinski*, 1 Vet. App. 241, 249 (1991). The only exception is in those cases in which the claimant has (1) filed a motion for BVA reconsideration within 120 days after the mailing date of notice of the BVA decision; and then (2) filed an NOA with the Court within 120 days after mailing of a denial of BVA reconsideration by or on behalf of the BVA Chairman. See *Butler* and *Rosler*, both *supra; see also Linville v. West*, 11 Vet.App. 60, 63 (1998) (en banc). The Court has dealt in two cases with the question of what is meant by filing with the Board within the meaning of the following rule established by the Court in *Rosler*:

In deciding whether the initial reconsideration motion was filed within the 120–day judicial appeal period, the BVA, in

essence, will need to treat the motion as if it were an NOA filed with this Court and apply our decision in determining the length of the judicial appeal period and the application of 38 U.S.C. § [7266(a) ] to the facts of the particular case.

*Rosler,* 1 Vet.App. at 249.

In *Dudnick v. Brown,* 9 Vet.App. 397 (1996), the veteran had mailed his motion for reconsideration to the " 'Department of Veterans' Affairs,' 810 Vermont Avenue, NW, Washington, DC 20220". The Court noted that "the mailing address of the BVA is 811 Vermont Avenue, across the street from other departmental offices, including the Secretary's, located at 810 Vermont Avenue." *Ibid.* (citing the FEDERAL STAFF DIRECTORY 788–89 (Ann L. Brownson ed., Spring ed.1996)). The Court then held that the veteran had filed his motion for reconsideration "within the 120–day time period" and that the Court thus had jurisdiction over the appeal. *Id.* at 398. Then in *Jaquay v. West,* 11 Vet.App. 67, 70–71 (1998), the Court held that the mailing to an RO of a motion for BVA reconsideration did not constitute a filing with the Board for purposes of *Rosler* and thus did not toll the 120–day judicial appeal period set forth in section 7266(a)(1). The Court in *Jaquay* concluded that receipt by the RO did not constitute constructive receipt by the Secretary on behalf of the Board and that the RO did not have an obligation to forward that misdirected motion to the Board in a timely manner or to return it to the claimant in a timely manner with instructions to file it with the Board. *Id.* at 72–73.

By regulation, VA has provided: "A motion for reconsideration ... must be filed at the following address: Director, Administrative Service (014), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420." 38 C.F.R. § 20.1001(b). The BVA Notice, mailed with the copy of the June 1997 BVA decision, contains the same instruction.

■ The Secretary's insistence that a veteran must include the internal VA mail routing symbol (in this case "014") in order to have his correspondence delivered to the addressee located at the street address listed on the envelope attempts to place on a VA claimant an unreasonable burden of assisting the VACO mail room in sorting mail. Although the veteran could have done more to ensure delivery to the Board—as he did in sending the November 4, 1997, letter that was received on November 10, 1997—he did enough to effectuate a mailing and delivery to the Board and thus he was in substantial compliance with 38 C.F.R. § 20.1001(b) and the BVA Notice. Hence, the Court holds that the veteran's motion for reconsideration addressed to "Director[,] Administrative Service, Board of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420", was constructively received by the BVA Director of Administrative Service who received mail at that address when it was received at the VACO mail room some time prior to the 121st day after the mailing of the Board's June 24, 1997, decision. *See Dudnick, supra.* Distinguishing the instant matter from *Jaquay* is the fact that here the veteran, rather than expressly addressing the envelope to the RO, as in *Jaquay,* addressed the envelope to the correct basic address, as in *Dudnick,* for it to reach the BVA at VACO. The fact that VACO forwarded that letter to the New Jersey RO that had handled his case was a matter beyond the veteran's control. Hence, the veteran's putative NOA was timely filed with the Court.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the Secretary's motion to dismiss is denied. The Secretary shall file with the Clerk and serve on the appellant the designation of the record on appeal not later than 30 days after the date of this opinion. The case is returned to the screening judge for proceedings in accordance with the Court's usual practices.

MOTION TO DISMISS DENIED.

### Separate Views

The author judge writes separately to remind the Secretary and his General Counsel about what the Court has characterized as "a Congressional awareness that the General Counsel's function of 'represent[ing] the Department', 38 U.S.C. § 7263(a), includes a

general obligation 'to also represent the veteran[,] ... to look at all sides of the case', 'to see that the veteran gets what he or she is entitled to' ". *Johnson (Gary) v. Brown,* 7 Vet.App. 95, 98 (1994) (quoting *Nominations of Jo Ann Krukar Webb, Sylvia Chavez Long, James A. Endicott, Jr., and Allen B. Clark, Jr. for Positions in the Department of Veterans Affairs,* 102d Cong., 1st Sess. 20 (1991) (testimony of James A. Endicott, Jr., nominee to be VA General Counsel, before the Senate Committee on Veterans' Affairs, in response to questions from Chairman Cranston and Sen. Thurmond)). I believe that Judge Plager of the U.S. Court of Appeals for the Federal Circuit got it exactly right when he said in his concurring opinion in *Barrera v. Gober:*

> As aptly stated by Abraham Lincoln and inscribed on the wall of the [VA] building, the overriding purpose of the Veterans' laws is "to care for him who shall have borne the battle and for his widow and his orphan." ... Therefore, when construing ambiguities in the [Veterans' Judicial Review] Act, we should err, if we err at all, on the side of protecting a veteran's right to the judicial review Congress has mandated.

*Barrera v. Gober,* 122 F.3d 1030, 1039–40 (Fed.Cir.1997).

Before FARLEY, HOLDAWAY, and STEINBERG, Judge.