**Lawrence J. POGUE, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 96–1321.

United States Court of Appeals for Veterans Claims.

March 18, 1999.

Before IVERS, STEINBERG, and GREENE, Judges.

**ORDER**

PER CURIAM:

On October 2, 1996, the appellant filed a Notice of Appeal (NOA) as to an August 2, 1996, decision by or on behalf of the Chairman of the Board of Veterans' Appeals (BVA or Board) denying reconsideration of a June 26, 1995, BVA decision. This appeal was stayed on January 23, 1997, pending the Court's decision in *Jaquay v. West*, 11 Vet. App. 67 (1998). On February 9, 1998, this Court held in *Jaquay* that a motion for BVA reconsideration must be filed with the BVA and that the NOA filing period is not tolled by the appellant's filing that motion with a

Department of Veterans Affairs (VA) regional office (RO). *Id.* at. 74.

In response to a May 13, 1998, order, the Secretary advised the Court that the VARO in Jackson, Mississippi, had received the appellant's motion for BVA reconsideration on July 10, 1995, but the Secretary was unable to locate any further information as to whether the appellant's motion was timely received by the Board. According to the Secretary, the appellant's claims file was "currently not available" in the VA Office of the General Counsel (OGC). In addition, the Board did not know when it had received the appellant's motion for reconsideration or from whom, and, although the Board received the appellant's claims file on March 1, 1996, it was "unable to discern why the claims folder was received by the Board at that time".

On August 26, 1998, the Court, noting that the appellant had not met the burden of demonstrating that an NOA was filed within 120 days after the date of mailing of the Board's decision, ordered the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. The appellant, through counsel, filed a response to the Court's August 26, 1998, order. In his response, the appellant requests that the Court order the Secretary to locate the appellant's missing claims file so that his counsel can utilize it in preparing a response to the Court's order as to why this Court has jurisdiction to review this appeal.

On November 9, 1998, the Court ordered the Secretary to file with the Court a preliminary record containing all documents from the appellant's claims and BVA files pertinent to the jurisdictional issue pending in this case and a memorandum describing the BVA process for maintaining records as to when a motion for BVA reconsideration is received by the Board. On January 8, 1999, the Secretary responded, advising the Court that the appellant's claims file has still not been located. The Secretary included with his filing copies of those documents he could find and of applicable procedures. He also indicated that the appellant's previous counsel had requested a complete copy of the appellant's claims file and that the appellant

therefore may have those documents. On January 14, 1999, the appellant replied that although his current counsel has such documents, a "review of these documents does not provide any assistance in determining when the Board received the motion for reconsideration."

Subsequent to *Jaquay, supra,* the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Bailey v. West,* 160 F.3d 1360 (Fed.Cir.1998), and subsequent to the pleadings filed in this case, the Federal Circuit decided *Linville v. West,* 165 F.3d 1382 (Fed.Cir.1999).

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file a memorandum addressing the application of *Bailey* and *Linville,* both *supra,* to this case. It is further

ORDERED that, not later than 30 days after receipt of the appellant's memorandum, the Secretary file a memorandum in response.