Gary D. GRUBBS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–455.

United States Court of Veterans Appeals.

Dec. 23, 1991.

Before KRAMER, HOLDAWAY and IVERS, Associate Judges.

## ORDER

PER CURIAM.

On November 8, 1990, the Board of Veterans' Appeals (BVA) mailed its decision and a cover sheet informing appellant that if he wished to appeal his BVA decision, he should mail a Notice of Appeal (NOA) to the Court at 1625 K St., N.W., Washington, D.C. On November 10, 1990, the Court moved to its new address at 625 Indiana Ave., N.W., Washington, D.C. Such a move had been anticipated for months, but a final date had not been set until a week before November 10, 1990. Appellant, apparently relying on the information given by the BVA, mailed his NOA on February 22, 1991, to the Court's former address, 106 days into the 120–day period for filing a timely NOA. However, in so doing, appellant listed an incorrect zip code on the envelope. When the Court moved, it had made arrangements with the concierge at its former address to write the date a piece of mail was received and then contact the Court so that Court personnel could pick it up. Appellant's NOA was received by the Court March 14, 1991, six days beyond the period for timely filing. The envelope containing the NOA bore a stamp date of March 13, 1991, and a handwritten address of the Court's new location, both of unknown origin.

On June 25, 1991, appellee filed a motion to dismiss the appeal on the ground that appellant's NOA was untimely filed. The motion was denied by Court order of August 16, 1991. On August 30, 1991, appellee filed, under U.S.Vet.App.R. 27 and 35, a motion for reconsideration or, in the alternative, for review by a panel of the Court's order of August 16, 1991.

■ Because appellee's motion involves an interlocutory matter and is not predicated upon a decision of the Court, the Court finds that appellee has no right to reconsideration by a single judge or review by a panel pursuant to U.S.Vet.App.R. 35. *Cf. Van Cauwenberghe v. Biard,* 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). Nevertheless, the Court, at its discretion, deems such motion appropriate for consideration under U.S.Vet.App.R. 27 and a panel has been formed to review it.

■ Upon consideration of this motion and based on the foregoing facts, the Court cannot conclude, that appellant's NOA was not received at its former address within 120 days from November 8, 1990. Consequently, the issue of time of receipt is resolved in favor of the appellant. *Cf.* 38 U.S.C. § 5107(b) (formerly § 3007(b)); *Stokes v. Derwinski,* 1 Vet.App. 201, 203–204 (1991) (the Court may decide jurisdictional questions based on facts not in the record). Therefore, it is

ORDERED that appellee's motion is denied.