**John L. BRYANT, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–256.**

United States Court of Veterans Appeals.

Dec. 24, 1991.

As Amended Jan. 14, 1992.

David C. Webb, Philadelphia, Pa., for appellant.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On September 27, 1991, appellant's case was dismissed for lack of jurisdiction because he failed to file a timely Notice of Appeal. 1 Vet.App. 554. On October 8, 1991, counsel for appellant submitted a motion for review by a three-judge panel. On consideration thereof by the panel, it is

ORDERED that appellant's motion for review is denied.

STEINBERG, Associate Judge, dissenting:

This Court has the responsibility to decide jurisdictional questions, and it may do so based on material not in the record. *See*

*Stokes v. Derwinski*, 1 Vet.App. 201, 203 (1991). On the basis of the circumstances set forth in the next paragraph, I cannot conclude that the Notice of Appeal (NOA) here was not timely received by the Court. *Cf. Grubbs v. Derwinski*, 2 Vet.App. 78, 79 (1991) (order) (NOA mailed on 106th day to Court's former address as instructed by Board of Veterans' Appeals was timely filed although not actually received by Court until six days after the 120–day deadline); *Eads v. Derwinski*, 2 Vet.App. 3 (U.S.Vet.App. Dec. 20, 1990) (order) (NOA received three days late accepted as timely filed because on due date Court employee had advised appellant's counsel that timely mailing would be considered a timely filing).

The facts and circumstances I find pertinent and dispositive here are:

(1) the absence from the Court's file of an envelope in which the NOA was received by the Court and the fact that such an envelope is, in normal course, maintained in the file;

(2) the fact that the Clerk's office of this Court would, in normal course, date-stamp the envelope with the date of receipt;

(3) the receipt for certified mail dated February 8, 1991, from the Bryn Mawr, Pennsylvania, post office, submitted by counsel for the appellant showing a mailing to the Court's address;

(4) the fact that February 8 was four days before the 120th day after the October 15, 1990, mailing of the Board of Veterans' Appeals decision here;

(5) the letter submitted by the appellant's counsel, from the Consumer Affairs Representative of the Philadelphia Division of the United States Postal Service, stating that "mail generally reaches Washington, D.C., from Philadelphia in two days" and that "without seeing the envelope [which is not available], it is difficult, if not impossible, to determine the reason for [any] particular delay"; and

(6) the receipt by the Court of the five other communications to the Court from the appellant's counsel in one day (Statement of Issues), one day (Notice of Appearance), one day (Motion to Amend Brief (captioned "Praecipe")), three days (Response to Motion to Dismiss), and four days (Motion for Review by Panel).

Consequently, as in *Grubbs*, "the issue of time of receipt is resolved in favor of the appellant. *Cf.* 38 U.S.C. § 5107(b) (formerly § 3007(b))". *Grubbs*, 2 Vet.App. at 79. I would find as a jurisdictional fact that his NOA was timely received by the Court—that is, by February 12—but was not, as it should have been in normal course, date-stamped immediately.