Betty FLETCHER, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–688.

United States Court of Veterans Appeals.

Jan. 13, 1992.

Before STEINBERG, Associate Judge.

ORDER

It is ORDERED, sua sponte, that this Court's order dated December 30, 1991, is revoked, and the following order is substituted therefor.

Appellant's Notice of Appeal (NOA) was date-stamped as received by the Court on April 22, 1991, three days after the expiration of the 120–day deadline for filing NOAs with the Court. On September 12, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion to dismiss this appeal because appellant failed to file an NOA within 120 days after the mailing of the final Board of Veterans' Appeals (BVA or Board) decision. On October 7, 1991, the Court issued an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On October 30, 1991, appellant responded to the Court's order, stating that she never received the proper form on which to appeal and that she was not informed how to appeal until two weeks before the expiration of the 120–day deadline.

On November 6, 1991, the Court ordered the Secretary to provide the Court with a copy of the BVA decision mailed to appellant as well as any other document mailed to her containing an explanation of appellate rights and the Court's address to which appellants should send appeals. On November 20, 1991, the Secretary complied with the Court's order. The documents submitted by the Secretary reflect that the BVA decision from which appellant tried to appeal was mailed to her on December 20, 1990. The cover sheet attached to the BVA decision informed appellant of her appeal rights and the Court's address to which she should mail an NOA if she so chose. That notice provided only the Court's former address, 1625 K St., N.W., Washington, D.C. However, on November 10, 1990, the Court moved to 625 Indiana Ave., N.W., Washington, D.C. By the time re-routing of appellant's NOA to the Court's current address had occurred and the NOA was actually received here, the 120–day deadline had passed.

Rule 4 of the Court's Rules of Practice and Procedure requires, pursuant

to 38 U.S.C. § 7266(a) (formerly § 4066), that to be valid an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *But see DiDonato/Elegado,* 2 Vet.App. 42 (1991) (order) (Steinberg, J., concurring) (expressing disagreement with Court's position that section 7266(a) mandates that NOA must be actually received by Court by 120th day and suggesting change in Court's Rule to accept post-mark date as date of "filing"). This Court has the responsibility to decide jurisdictional questions, and it may do so based on material not in the record. *See Grubbs v. Derwinski,* 2 Vet.App. 78, 79 (1991) (order); *Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991).

As instructed by the Board, appellant mailed her NOA to the Court at its former address. The envelope in which the NOA was mailed bears a St. Louis post-mark with the date April 13, 1991, seven days prior to the expiration of the 120–day deadline. Moreover, the Washington, D.C., post-mark, also on that envelope, bears the date April 17, 1991, two days prior to the expiration of the 120–day deadline.

On the basis of the foregoing, the Court cannot conclude that appellant's NOA was not timely received at the Court's former address, given that the envelope containing the NOA (which was ultimately received and date-stamped by the Court on April 22, 1991) was post-marked in Washington, D.C., two days prior to the 120–day deadline and was directed to the Court's former address upon the BVA's instructions. *See Grubbs* (NOA mailed on 106th day to Court's former address as instructed by BVA was timely filed although not actually received by Court until six days after the 120–day deadline). "Consequently, the issue of time of receipt is resolved in favor of the appellant. *Cf.* 38 U.S.C. § 5107(b) (formerly § 3007(b))". *Grubbs,* 2 Vet.App. at 79. The NOA, received in Washington, D.C., on the 118th day after the mailing of the BVA decision, was thus timely filed. *See Grubbs,* 2 Vet. App. at 79; *see also Irwin v. Veterans*

*Admin.,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (making doctrine of equitable estoppel applicable to suits against the Government); *Elsevier v. Derwinski,* 1 Vet.App. 150, 155 (1991) (holding that doctrine applicable to the 120–day limit for filing NOA in this Court and that equitable "estoppel may be used to prevent the running of a time limit where the defendant's conduct has caused plaintiff to delay ... in bringing [the] action") (citing *Vadino v. A. Valey Engineers,* 903 F.2d 253, 263 (3d Cir.1990)). Accordingly, it is

ORDERED that the Secretary's motion to dismiss for lack of jurisdiction is denied. It is further

ORDERED that appellant shall, within 30 days from the date of this order, file with the Clerk of the Court and serve on the Secretary a Statement of Issues pursuant to Rule 6 of the Court's Rules of Practice and Procedure.