Charles Robert MINSHALL, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–580.

United States Court of Veterans Appeals.

Feb. 24, 1992.

Before STEINBERG, Associate Judge.

### ORDER

Pro se appellant's Notice of Appeal (NOA) was received by this Court on April 4, 1991, 122 days after the December, 3, 1990, mailing of the Board of Veterans' Appeals (BVA) decision, which was the subject of the appeal. The envelope in which the NOA was mailed was postmarked March 28, 1991, 115 days after the mailing date of the BVA decision, and was addressed to the Court's former location at 1625 K St., N.W., Washington, D.C. The Court moved from that location to its current site on November 10, 1990.

■ Rule 4 of the Court's Rules of Practice and Procedure requires, pursuant to 38 U.S.C. § 7266(a) (formerly § 4066), that to be timely filed an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. On August 23, 1991, the Clerk of the Court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond to that order.

■ This Court has the responsibility to decide jurisdictional questions, and it may do so based on material not in the record. *See Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991); *Grubbs v. Derwinski,* 2 Vet. App. 78 (U.S.Vet.App.1991); *see also Fletcher v. Derwinksi,* 2 Vet.App. 82 (U.S.Vet.App.1991). Previously, the Court has found jurisdiction in two cases where appellants' NOAs, although received after the expiration of the 120-day deadline, had been mailed within the 120-day deadline to the Court's former address upon the BVA's explicit instructions appearing on a notice accompanying the BVA decision. *See*

*Grubbs; Fletcher.* "When the Court moved, it had made [informal] arrangements with the concierge at its former address to write [presumably on the envelope] the date a piece of mail was received and then contact the Court so Court personnel could pick it up." *Grubbs,* at 79.

The record on appeal in the instant case did not contain the cover sheet or notice of appellate rights which typically accompanies the BVA decision. Thus, the Court was unable to discern whether this appellant acted upon the same erroneous instructions. Consequently, on January 7, 1992, the Court issued an order directing the Secretary of Veterans Affairs (Secretary) to provide the Court with all documents mailed to appellant with the December 3, 1990, BVA decision, or in relation to it, which contained an explanation of appellate rights and the address to which appellant should direct an NOA. On February 4, 1992, the Secretary responded by providing a copy of the cover sheet mailed to appellant. That cover sheet informed appellant of his appeal rights, but provided only the Court's former address.

■ Five days prior to the expiration of the 120-day deadline, appellant, as instructed by the BVA, mailed his NOA to the Court at its former address. The NOA bore no Washington, D.C., postmark nor any notation of the date of receipt by the concierge at the former address. In *Grubbs,* a panel of the Court found timely filed an appellant's NOA which was forwarded to the Court from its former location and received six days after the 120-day filing deadline, although the envelope bore no Washington, D.C., postmark within the 120-day deadline or a notation of the date of receipt by the concierge at the Court's former address. On the basis of the foregoing, the Court cannot conclude that appellant's NOA was not timely received at the Court's former address. Consequently, the issue of time of receipt is resolved in favor of appellant. It is

ORDERED that, pursuant to Rule 6 of this Court's Rules of Practice and Procedure, within 30 days after the date of this order, appellant file with the Clerk and

serve on the Secretary a brief statement of the issue or issues to be raised on appeal.