Clyde TILTON, Appellant,

and

Harlan W. Horton, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

Nos. 91–391, 92–355.

United States Court of Veterans Appeals.

April 20, 1993.

Hugh D. Cox, for appellant Tilton.

Larry Berg, for appellant Horton.

No pleadings were filed on behalf of appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

KRAMER, Associate Judge:

These cases have been consolidated by the Court to consider the Court's jurisdiction to entertain appellants' motions requesting the Court to amend prior remand orders in order to retain jurisdiction for purposes of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

I.

The Court previously held that EAJA did not apply to its proceedings in *Jones (McArthur) v. Derwinski*, 2 Vet.App. 231 (1992) (*consolidated with Karnas v. Derwinski*, No. 90–312) (en banc). While *Jones* was on appeal to the U.S. Court of Appeals for the Federal Circuit, Congress, on October 29, 1992, enacted section 506 of the Federal Courts Administration Act of 1992, Pub.L. 102–572, 106 Stat. 4506, 4513 (1992) (FCAA or Act). Section 506(a) amended 28 U.S.C. § 2412(d)(2)(F) to make EAJA applicable to the Court. Section 506(b) limited such application "to any case pending before the United States Court of Veterans Appeals on the date of the enactment of this Act, [and] to any appeal filed in that court on or after such date."

To facilitate the implementation of the FCAA, the Court on February 1, 1993, adopted Interim Rule 36(b) (the Interim Rule) to the Court's Rules of Practice and Procedure, effective as of that date. As relevant here, the Interim Rule provides:

> If the Court issues a decision remanding a matter without retaining jurisdiction, a motion for the Court to retain jurisdiction to permit application for attorney fees and expenses . . . must be filed within 14 days, plus the additional time allowed in Rule 26(c) [i.e., 3 days], after the date of the decision.

II. TILTON v. BROWN

In this case, the Court on June 26, 1992, 2 Vet.App. 679, had granted a joint motion to remand the appeal to the Board of Veterans' Appeals (BVA). The Court in its remand order did not retain jurisdiction. Appellant filed a motion on February 5, 1993, requesting the Court to retain jurisdiction for purposes of EAJA.

In sum, EAJA is applicable only to cases pending before the Court on or after October 29, 1992. The question raised by appellant Tilton's motion is whether he had a case pending before the Court on October 29, 1992. Since the remand order was issued on June 26, 1992, and the Court did not retain jurisdiction at that time, the Court holds that appellant had no case pending before the Court on or after October 29, 1992. Therefore, as EAJA does not apply to appellant's case, the Court denies appellant's motion.

### III. HORTON v. BROWN

Appellant Horton filed his Notice of Appeal (NOA) with the Court on March 16, 1992. On December 9, 1992, 4 Vet.App. 129, the Court granted a joint motion to remand the appeal to the BVA. The Court in its remand order did not retain jurisdiction. Appellant filed a motion on February 17, 1993, pursuant to the Interim Rule.

Unlike appellant Tilton, as appellant Horton filed his NOA on March 16, 1992, and the remand order was not issued until December 9, 1992, appellant's case was clearly pending before the Court on October 29, 1992, and thus EAJA is applicable. The remaining question raised by appellant Horton's motion is the proper application of the Interim Rule where the remand order that appellant sought to be amended was issued prior to the effective date of the Interim Rule.

Strictly applying the Interim Rule to the facts of this case would result in the Court's denying appellant's motion as untimely because it was filed more than 17 days after the Court's remand order. In effect, the Court would be holding appellant to a rule which had neither been promulgated nor been adopted at the time of the remand order. The Court agrees with appellant that such a strict application of the Interim Rule would be unreasonable and unjust, *cf. Torres v. Derwinski*, 1 Vet. App. 15, 17 (1990); *Fletcher v. Derwinski*, 2 Vet.App. 82, 83 (1992), especially under the facts of this case where appellant filed his motion within 17 days of the effective date of the Interim Rule. The Court,

therefore, grants appellant's motion to amend the Court's order of December 9, 1992, and retains jurisdiction pursuant to the Interim Rule.