Helen L. CRAMPTON, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 97–345.

United States Court of Veterans Appeals.

Aug. 1, 1997.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

### ORDER

PER CURIAM.

This case involves an appeal from an August 1, 1995, Board of Veterans' Appeals (Board or BVA) decision. The appellant filed her Notice of Appeal (NOA) on February 28, 1997, more than 120 days after the BVA mailed notice of its decision. On June 6, 1997, the Court, by single-judge order, dismissed the appeal for lack of jurisdiction. On June 19, 1997, the Court received from the appellant correspondence that the Court construed as a motion for single-judge reconsideration and a motion for panel review. On June 30, 1997, the single judge denied the motion for reconsideration.

Since the June 19, 1997, filing, the Court has received, often daily, numerous and extensive additional pleadings, all of which are most heartfelt and most of which are repetitive. The Court understands the appellant's desire for review of her appeal by this Court.

In many of her pleadings, the appellant contends that what appears to be a Department of Veterans Affairs (VA) Form 9 (Substantive Appeal to BVA) [hereinafter Form 9], dated September 1993 and received by the Court in September 1993, is an NOA as to the 1995 BVA decision she seeks to appeal, and she asks the Court to follow the caveat of Rule 3 of the Court's Rules of Practice and Procedure [hereinafter Rules] that "[a]n appeal will not be dismissed for informality of the [NOA]". U.S. VET.APP. R. 3(c). The appellant also appears to contend that Court Forms 1(NOA) and 4 (Motion and Affidavit to Appeal Without Payment of Costs) were prematurely received by her and that she made a good-faith effort to file them with the Court in a timely manner. It appears that those forms were either forwarded to her by the Court in September 1993 (in

response to her mistakenly filing with the Court a VA Form 9) along with Court Form 6, which contains instructions regarding the filing of appeals with this Court, or were provided to her by VA. Because the appellant did not raise the argument regarding Forms 1 and 4 until after the Court had dismissed the appeal, the Court will, in the interest of not protracting this proceeding even further, grant the motion for panel review.

■ The panel agrees in all respects with the June 30, 1997, order of the Court denying reconsideration and incorporates that order herein by reference. The September 1993 filing with the Court of the appellant's VA Form 9—apparently in response to a May 1993 VA regional office (RO) decision, which eventually led to the August 1, 1995, Board decision she is attempting to appeal to this Court—did not result in a timely NOA to this Court. "To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's [Rules], an NOA must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days *after* notice of the BVA decision was mailed to the appellant." *Perez v. Brown,* 9 Vet.App. 452, 454 (1996) (emphasis added); *see Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir. 1992). This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392, 393–94 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet. App. 2, 3 (1990); *Dudley v. Derwinski,* 2 Vet.App. 602 (1992) (en banc per curiam order).

In the instant case, the VA Form 9—which is a device for appealing to the Board a decision of a VARO—was received by the Court nearly two years *before* the BVA decision in question and thus cannot confer upon this Court jurisdiction under 38 U.S.C. § 7266(a). *See Perez, supra.* Nor could that form possibly satisfy the requirement in Rule 3(c) that an NOA must "designate the Board decision appealed from", U.S. VET.APP. R. 3(c)(2); *see Perez, supra; cf. Calma v. Brown,* 9 Vet.App. 11, 16 (1996) (Rule 3(c)(2) "substantially satisfied" where appellant referred to a letter that had accompanied BVA decision, quoted from it, and specified file number), and the appellant has not shown "good cause" for a waiver of that requirement under Court Rule 2, even if such a waiver were available under Rule 2, which *Perez* suggests is "most doubtful", *Perez,* 9 Vet.App. at 455.

In addition, the Court notes that Forms 1 and 4, to which the appellant makes reference, were never received by the Court until submitted by the appellant in February 1997. Although both forms are dated by the appellant in October 1993, and although the Form 1 includes a certificate of service attesting that a copy of it was forwarded to the Secretary's General Counsel on July 29, 1993, neither of those documents can be construed as an NOA because they do not refer to the BVA decision being appealed and were not received by this Court within 120 days after notice of the BVA decision was mailed to the appellant. *See Perez, supra; cf. Chadwick v. Derwinski,* 1 Vet.App. 74, 76 (1990) (putative NOA incorrectly sent to BVA *and received by Court within 120 days after BVA decision* was valid). Moreover, there is no indication that the appellant was misinformed as to the proper procedure for filing an NOA because the Form 1 she filed contains the instruction: "Your completed [NOA] (original ònly) must be *received* by the Clerk, U.S. Court of Veterans Appeals ... within 120 days after the mailing date of the [Board] decision that you wish to appeal" (emphasis in original). The August 1, 1995, Board decision that the appellant seeks to appeal contains a similar statement of appellate rights. *Cf. Grubbs v. Derwinski,* 2 Vet.App. 78, 79 (1991) (per curiam order) (finding NOA timely where appellant mailed NOA to wrong address in reliance on information provided by BVA).

The issue, ultimately, is not a matter of the "informality" of an NOA or any of the other documents that the appellant argues could serve as an NOA but of the undisputed insufficiency of all these documents as NOAs: (1) Because it preceded the August 1995 BVA decision that the appellant seeks to appeal, the 1993 Form 9 does not refer to the BVA

decision being appealed and was not received by the Court within 120 days *after* notice was mailed to the appellant of that BVA decision; (2) Court Form 1—even if the Court were to ignore the fact that it is dated in 1993 and construe it as implicitly referring to the BVA decision in question, *but cf. Calma, supra*—was not received by the Court within 120 days after notice was mailed to the appellant of the August 1995 BVA decision that the appellant seeks to appeal; and (3) Court Form 4—which does not identify the BVA decision the appellant seeks to appeal—was similarly not received by the Court within 120 days after notice was mailed to the appellant of the BVA decision she seeks to appeal.

 The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Perez, supra.* In this case, for the reasons set forth above, the appellant has not carried the burden of establishing the Court's jurisdiction over the appeal she seeks to bring here. The Court has no alternative under these circumstances to do other than to dismiss the appeal.

Were the Board to decide that it had the authority, as an exercise of discretion, to withdraw its August 1, 1995, decision and reissue it in order to permit the appellant to file an NOA to the Court within 120 days after any such reissuance, such action, if taken, might provide the Court with jurisdiction to decide the appeal if a timely NOA were filed from the reissued decision.

On the basis of the above analysis, the Court will reaffirm the dismissal of the appeal ordered by the Court's June 6, 1997, order.

Finally, the Court notes that since the appellant's June 19 construed motion for panel review, she has filed with the Court more than 25 documents, totaling over 250 pages. Although some of these documents bear upon the issue of the timeliness of her NOA, many have no bearing upon the issue before the Court and are styled with such titles as "Request for Retribution Motion to Protect me as well as other voluntary advisers from civil lawsuits", "Motion to Appeal an undelivered communication dated 2 June 1997, if such be the case, and request to provide me with a copy, if there is such a thing", and "Motion to Continue to Elaborate on the Copier"; by and large, these pleadings are not contemplated by the Court's rules. *See* U.S. VET.APP. R. 27(c), 32(g) (motions may not exceed 25 pages except by permission of Court). The number and length of these filings are now approaching an abuse of judicial process. *See Jones (Joseph) v. Derwinski*, 1 Vet.App. 596, 606 (1991) (Court has power to sanction those who abuse judicial process).

Upon consideration of the foregoing and the pleadings of the parties, it is

ORDERED that the appellant's motion for panel review is granted. It is further

ORDERED that the Court's June 6, 1997, order is reaffirmed and the appeal remains DISMISSED for lack of jurisdiction. It is further

ORDERED that the Clerk of the Court is directed to return to the appellant any further filings that are not contemplated by the Court's rules.