Thomas M. **BAISDEN,** Appellant,

v.

Togo D. **WEST,** Jr., Secretary of Veterans Affairs, Appellee.

No. 98–38.

United States Court of Veterans Appeals.

May 18, 1998.

Thomas M. Baisden, pro se.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and Susan A. Wuchinich, Washington, DC, for appellee.

Before NEBEKER, Chief Judge, and STEINBERG and GREENE, Judges.

STEINBERG, Judge:

On January 6, 1998, the Court received from the pro se appellant a Notice of Appeal (NOA) from an August 19, 1997, Board of Veterans' Appeals (BVA) decision denying as not well grounded his claim for service connection for choroidal melanoma, resulting in enucleation of the right eye, as secondary to exposure to Agent Orange. The appellant had mailed the NOA to the Department of Veterans Affairs (VA) Office of the General Counsel (O.G.C.) at VA Central Office in Washington, D.C.; the O.G.C. received the NOA on November 19, 1997, but did not deliver it to the Court until January 6, 1998, more than 120 days after the date of the mailing of notice of the BVA decision.

On January 14, 1998, the Court ordered the appellant to show cause, within 20 days, why his appeal should not be dismissed for lack of jurisdiction. He has failed to respond.

## I. Analysis

■ The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the BVA decision was mailed. *See Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992); *Perez v. Brown,* 9 Vet.App. 452, 455 (1996). This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392, 393–94 (Fed.Cir. 1991); *Dudley v. Derwinski,* 2 Vet.App. 602 (1992) (en banc order); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990).

In *Jaquay v. West,* the Court stated as follows concerning the need for actual receipt by the Court of an NOA within the 120-day appeal period:

> Indeed, the Court has stated that "deemed so received" is quite narrow and that "actual receipt" is the general rule: "An NOA is deemed 'received' by the Court (1) on the date of actual receipt, if delivered, or (2) on the date of the U.S. postmark, 'if the notice is *properly addressed*' to the Court and is mailed." *Townsend v. Brown,* 9 Vet.App. 258, 259–60 (1996) (per curiam order). The Court has routinely rejected as untimely NOAs received by the Court after the 120-day NOA-filing period when they were, for whatever reason, initially misaddressed or misfiled.

*Jaquay,* 11 Vet.App. 67, 70 (1998).

In *Jaquay,* the appellant had mailed a motion for BVA reconsideration to a VA regional office (RO) instead of to the BVA, in contravention of the requirement of 38 C.F.R. § 20.1001(b) (1997). When the RO,

after approximately an eleven-month delay, forwarded that motion to the BVA, the 120-day NOA-filing period had expired, and the Court held that the 120-day NOA-filing period had not been tolled under *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991), as it would have been by a motion for BVA reconsideration received by the BVA within 120 days after its mailing of notice of the BVA decision. *Jaquay*, 11 Vet.App. at 70–71. The Court held there that, even if the RO had had a duty to forward the appellant's motion for BVA reconsideration to the Board, "a failure to perform such a duty could not, in this case, yield the equitable remedy of a judicial holding that the motion had been filed with the Board within the 120-day NOA-filing period" because actual receipt was required and because the appellant, "who was correctly informed of filing requirements ..., cannot be said to have exercised the due diligence required to invoke equitable tolling even if such a remedy were available in this Court". *Id.* at 73–74; *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990) (holding that equitable tolling is available in suits against government but not more favorable tolling than against a private litigant and noting that courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights"); *cf. Grubbs v. Derwinski*, 2 Vet.App. 78, 79 (1991) (per curiam order); *Torres v. Derwinski*, 1 Vet.App. 15, 17 (1990).

In the instant case, the VA Form 4597 (BVA Appeals Notice) attached to the August 19, 1997, BVA decision (1) properly informed the appellant that an NOA "must be filed with the Court within 120 days from the date of mailing of the notice of the BVA decision", (2) provided the Court's correct address, and (3) cautioned that "filing a copy of your [NOA] with the VA General Counsel or any other VA office **WILL NOT** protect your right of appeal" (emphasis in original). The Court has previously held that this notice is effective and sufficient notice of appellate rights under 38 U.S.C. § 5104(a). *Pittman v. Brown*, 9 Vet.App. 60, 64–65 (1996), *rev'd on other grounds*, No. 96–7046, 1997 WL 488746 (Fed.Cir. Aug. 25, 1997) (non-

precedential action); *see also Cummings v. West*, 136 F.3d 1468, 1474 (Fed.Cir.1998) (sustaining the adequacy of the BVA Appeals Notice under 38 U.S.C. § 5104(a) as against several asserted deficiencies); *Cornett v. Brown*, 9 Vet.App. 260 (1996) (per curiam order). Despite the caution in the BVA Appeals Notice, the appellant then mailed his NOA to the O.G.C., the address of which was also listed on the Notice in connection with an advisory that the O.G.C. should be sent a copy of any NOA filed, *see* 38 U.S.C. § 7266(b) ("appellant shall also furnish the Secretary with a copy of such [NOA], but a failure to do so shall not constitute a failure of timely compliance with subsection (a) of this section").

■ Thus, as in *Jaquay, supra,* even if the Court were to assume a duty on the part of VA's General Counsel as an officer of the Court to forward any NOA to the Court as to which there was reason to believe that it was misdirected to the O.G.C. rather than mailed to the Court, failure to so forward an NOA could not toll the section 7266(a) NOA-filing period where the Secretary had properly informed an appellant of the filing requirements and expressly cautioned that mailing to the O.G.C. would not preserve his or her appellate rights. *See Irwin, supra.* The Court thus concludes that the appellant has not met the burden of demonstrating that an NOA was filed within 120 days after the date of mailing of notice of the BVA decision; the appeal must thus be dismissed.

The Court notes that in its recent decision in *Cummings* the U.S. Court of Appeals for the Federal Circuit, although concluding that the BVA Appeals Notice satisfied statutory notice requirements, "recognize[d] that the failure to explain the so-called 'tolling principle of *Rosler* [*supra,*]' may unnecessarily confuse a claimant who wishes to appeal to the Court of Veterans Appeals, but only after first pursuing reconsideration by the Board." *Cummings,* 136 F.3d at 1474. Although there is no indication in the instant case that the appellant was seeking BVA reconsideration, and although the Notice emphasizes that "filing a copy of your [NOA] with the VA General Counsel or any other VA office **WILL NOT** protect [appellate] right[s]", the

Court shares the Federal Circuit's concern that the overall structure of the Notice may be confusing to some potential appellants. That notice first states that an appellant may seek BVA reconsideration, then that an appellant "may" have a right to appeal to the Court (if he or she has a Notice of Disagreement filed on or after November 18, 1988), then that an NOA "must" be filed with the Court within 120 days after mailing of notice of the BVA decision that the appellant seeks to appeal, and then that an appellant "should" mail a copy of the NOA to the O.G.C. but that that mailing will not preserve appellate rights. Insofar as not infrequent "NOA" misfilings continue to deprive prospective appellants of the judicial review that they are seeking in this Court, the Secretary may wish to revise and reorganize the BVA Appeals Notice to emphasize *first* that the primary and best means of preserving an appeal to this Court is to file an appeal with this Court within 120 days after the date of the BVA's mailing of notice of the BVA decision (that is, 120 days after the date stamped on the front of the BVA decision) that the appellant seeks to appeal.

## II. Conclusion

On consideration of the foregoing analysis, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

NEBEKER, Chief Judge:

I concur in the holding and write separately to note that *Bailey v. West,* No. 98–7001 (Fed. Cir. filed Sept. 26, 1997), is pending before the United States Court of Appeals for the Federal Circuit. During oral argument in *Bailey,* the issue arose as to whether this Court is an entity within the Department of Veterans Affairs (VA) so that the delivery of a notice of appeal to somebody in VA could somehow satisfy the clear language of 38 U.S.C. § 7266(a): "In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans' Appeals, a person adversely affected by that action must file a notice of appeal *with the Court.*" (Emphasis added.) The answer is clear; it cannot because this Court is not an entity within the VA.

Like other courts created by acts of Congress (*e.g.,* 28 U.S.C. § 43 (the thirteen federal judicial circuits) and § 171 (the United States Court of Federal Claims)), the Court of Veterans Appeals is a court of record. *See* 38 U.S.C. § 7251. The Court has contempt authority and assistance of the United States marshal "as is available to a court of the United States." 38 U.S.C. § 7265. It has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. *See* 38 U.S.C. § 7252. The law provides that the Secretary, always a *party* appellee in this Court, shall be represented by the General Counsel of the Department. 38 U.S.C. § 7263(a). The law provides that the budget of the Court, as submitted by the Court for inclusion in the budget of the President for any fiscal year, "shall be included in that budget without review within the executive branch." 38 U.S.C. § 7282(a). *Compare* 28 U.S.C. § 605 (budget estimates of federal courts are submitted to Office of Management and Budget without express prohibition of review by executive branch). Employees of the Court are appointed without regard to title 5 of the U.S.Code, governing appointment in the competitive service, and the Court is not an agency within the meaning of 5 U.S.C. § 3132(a)(1) for purposes of employment authorities. *See* 38 U.S.C. § 7281(h). In addition, this Court is governed by 28 U.S.C. § 372(c) respecting complaints of misconduct against its judges, *see* 38 U.S.C. § 7253(g); and the judges and certain nonjudicial employees are required to file their financial disclosure statements with the Judicial Conference of the United States. *See* 5 U.S.C.App. §§ 101(d), 101(f)(11)-(12), 109(8)-(10). The recusal of the judges of this Court is governed by 28 U.S.C. § 455. *See* 38 U.S.C. § 7264(c). Moreover, uncontradicted legislative history in both Houses of Congress demonstrates clear legislative intent to establish the Court of Veterans Appeals as "a truly independent [A]rticle I, specialty court." 134 Cong. Rec. 31,461 (1988) (floor statement of Sen. Cranston on compromise measure that became Veterans' Judicial Review Act); *see also* 134 Cong. Reg. 31,465–66 (statement of Sen. Cranston containing further references to Court as "independent

entity" and "independent tribunal"); 134 CONG. REC. 31,770 (1988) (statement of Rep. Montgomery on compromise measure stating that bill, as crafted, "will allow an independent review by a court"); 134 CONG. REC. 31,788 (1988) (statement of Rep. Edwards concerning nature and powers of Court of Veterans Appeals).

Therefore, Mr. Baisden may not avail himself of the argument that submission of his putative notice of appeal to VA's General Counsel was efficacious any more than any litigant could so argue on the basis of simply sending a notice of appeal to opposing counsel and not the Court. Moreover, I see no reason to hold this decision in abeyance pending decision in *Bailey*. No argument as to equitable tolling, even if such a doctrine could be deemed to apply to 38 U.S.C. § 7266(a), can be made in this case. Accordingly, the mandatory "shall file" phrase of § 7266(a)(1) governs this case.