# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-2373

ALFRED P. SANTORO, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  May 30, 2000   )

*Michael P. Horan*, of Washington, D.C., for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Thomas A. McLaughlin*; and *Cristine D. Senseman*, all of Washington, D.C., were on the pleadings for the appellee.

Before KRAMER, FARLEY, and STEINBERG, *Judges*.

STEINBERG, *Judge*: Before the Court in this appeal is a jurisdictional issue of the timeliness of the appellant's Notice of Appeal (NOA).  The Court's determination of this issue turns on whether the circumstances of this case support the application of equitable tolling, within the meaning of *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc), to the 38 U.S.C. § 7266(a) 120-day period for the filing of an NOA in this Court.  Because the Court will hold that the situation here does not support the application of equitable tolling, we will dismiss this appeal for lack of jurisdiction.

## I. Relevant Background

On December 15, 1998, the appellant filed pro se an NOA from a May 1, 1998, decision of the Acting Chairman of the Board of Veterans' Appeals (BVA or Board) denying reconsideration of a January 29, 1998, BVA decision.  Although the Board received the appellant's motion for reconsideration on March 30, 1998, within 120 days after the date stamped on the BVA decision,

the Court received the appellant's NOA more than 120 days after the date of the BVA's denial of his motion for reconsideration.

Accompanying the appellant's NOA was (1) a letter indicating that he had previously mailed, with a return receipt requested, his appeal to the "Court of Veterans Appeals, 625 Indiana Ave., NW, Washington, DC 20420", and (2) a photocopy of a U.S. Postal Service return-receipt-request card sent to that address and signed for as received on July 27, 1998, by a handwritten notation of "Gen Counsel PA". The appellant contends that his NOA was misdelivered to the Department of Veterans Affairs (VA) "Board of Appeals [sic] at 810 Vermont Ave" because of an incorrect zip code on the letter. He states that the U.S. Postal Service had recently advised him (although he offers no verification of such advice) that such return-receipt-requested mail should have been returned to him for an address correction, rather than delivered to an incorrect address that merely matched the zip code. In addition, the appellant argues, based on the signature on the returned-receipt card, that a person in the VA Office of General Counsel (OGC) had signed that receipt card and accepted the mailing. Based on that information, the appellant contends that that signature misled him into believing that his NOA had been received by the Court within the 120-day statutory judicial-appeal period under 38 U.S.C. § 7266(a) and caused him to miss that deadline.

On December 31, 1998, the Secretary transmitted to the Court a copy of the January 1998 BVA decision on appeal, which was accompanied by the BVA Notice of Appellate Rights (Notice) that had been sent to the appellant with that decision. The Secretary on March 12, 1999, moved to dismiss, asserting that the appellant's December 15, 1998, NOA was untimely filed. On March 19, 1999, the Court ordered the appellant to show cause, within 20 days, why this appeal should not be dismissed for lack of jurisdiction. On April 6, 1999, the appellant filed a response to the Court's order. The appellant argues that this appeal should not be dismissed because a timely NOA was mailed and subsequently received by "Gen Counsel PA" on July 27, 1998, and that any "mishandling of either delivery of the NOA by the postal service or receipt of the NOA by any other administrative office, should not preempt the good faith effort of the [a]ppellant to meet all prescribed periods." He has submitted the original of the return-receipt-request card, addressed "Court of Veterans Appeals, 625 Indiana Ave., NW, Washington, DC 20420", and postmarked July 27, 1998.

On May 25, 1999, a panel of this Court ordered the Secretary to file a reply to the appellant's December 15, 1998, letter and his response to the Secretary's motion to dismiss. The Secretary was "directed specifically to address the following issues: (1) Whether an OGC employee signed for receipt of the July 1998 letter; (2) if an OGC employee did in fact receive that letter, the significance of such receipt in light of the fact that on July 27 there were still more than 30 days remaining within the 120-day filing period; and (3) the significance of the delivery to VA by the U.S. Postal Service of the appellant's July 1998 letter in light of the time remaining within that filing period." In his July 26, 1999, reply, the Secretary, although conceding that an OGC employee did sign for and receive the appellant's July 1998 letter, argues that the appellant's initial lack of due diligence in using the wrong zip code precludes equitable tolling.

On October 12, 1999, the Court stayed proceedings in this case until November 11, 1999, in order to permit the appellant to consider seeking representation. *See In re Panel Referrals in Pro Se Cases*, 12 Vet.App. 316 (1999) (en banc order). On November 9, 1999, the Veterans Consortium Pro Bono Program filed a motion for a stay of proceedings until December 26, 1999, to allow the appellant a reasonable period of time to retain counsel. The Court stamp-granted that motion. On December 2, 1999, Michael P. Horan entered an appearance on behalf of the appellant. However, no further filing has been made by the appellant. On March 7, 2000, the Secretary filed a motion to withdraw his March 12, 1999, motion to dismiss.

## II. Analysis

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision generally must file a timely NOA with the Court. *See Bailey*, 160 F.3d at 1363. To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA generally must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the underlying final BVA decision was mailed. *See Cintron v. West*, 13 Vet.App. 251, 254 (1999); *Leonard v. West*, 12 Vet.App. 554, 555 (1999) (per curiam order); *see also* 38 U.S.C.

3

§ 7266(a)(3)(B). *But see Evans (Billy) v. West*, 12 Vet.App. 396, 399 (1999) (citing *Bailey*, 160 F.3d at 1365, and other cases regarding equitable tolling of NOA-filing period under certain circumstances).

### A. Secretary's Motion to Withdraw His Motion to Dismiss

In his motion to withdraw his motion to dismiss, the Secretary proposes the application of a presumption of regularity to VA's actions in forwarding the appellant's July 1998 letter to the Court after that letter was delivered to OGC instead of the Court (VA avers that under its normal procedures, it would have delivered the misaddressed mail to the Court within the 120-day judicial-appeal period) and states that there is no "clear evidence to the contrary" to rebut that presumption because nonreceipt by the Court is not sufficiently "clear evidence to the contrary", citing *YT v. Brown*, 9 Vet.App. 195, 199 (1996). Based on such an asserted unrebutted presumption of regularity, the Secretary contends that the appellant's NOA should be deemed to have been received within the 120-day judicial-appeal period. Mar. 7, 2000, Motion at 1-2.

However, the insufficiency of nonreceipt as "clear evidence to the contrary" works only when the statutory requirement is for VA to mail the item, such as with a copy of a BVA decision or a BVA Notice of Appellate Rights. In such an instance, the Board's mailing of the document is the action or process that is under scrutiny and the regularity of that mailing is presumed subject to rebuttal; that is, mailing, not receipt, is the act to be established. Where the statutory requirement is that the NOA be filed with the Court, as here, the appellant, who has the ultimate burden of establishing jurisdiction, *see McNutt* and *Bethea*, both *supra*, must provide evidence that the Court actually received that document within the 120-day period (or that it was legibly postmarked therein).

Where, as here, the Court has no evidence that an appellant filed an NOA with the Court within the statutory time period (*see* part II.B., *infra*), even if the VA procedures are regular in forwarding any misaddressed NOA to the Court, any such regularity would provide no basis on which to establish the Court's jurisdiction under the Court's jurisdictional statute, 38 U.S.C. § 7266(a)(3)(A) (NOA "shall be deemed to be received by the Court . . . [on] the date of receipt by the Court, if the notice is delivered"), and the Secretary's concession cannot serve to confer jurisdiction. *See Townsend v. Brown*, 9 Vet.App. 258, 259-60 (1996); *see also Barnett v. Brown*,

83 F.3d 1380, 1383 (Fed. Cir. 1996) ("it is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits, that a potential jurisdictional defect may be raised by the court or tribunal, *sua sponte* or by any party, at any stage in the proceedings, and, once apparent, must be adjudicated").  Because we will conclude below that the appellant has not met his burden to show that he filed an NOA within the 120-day judicial-appeal period and ultimately that we do not have jurisdiction to hear this case, we will dismiss as moot the Secretary's motion to withdraw his motion to dismiss.

### B. Receipt of NOA Within Judicial-Appeal Period

This Court may not review denials of reconsideration by or on behalf of the BVA Chairman in cases where it does not already have jurisdiction by virtue of a timely appeal from a final Board decision.  *See Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir. 1994), *overruled in part by Bailey*, 160 F.3d at 1368.  There is an exception in those cases in which the appellant has (1) filed a motion for BVA reconsideration within 120 days after the mailing date of notice of the underlying final BVA decision *and also* (2) filed an NOA within 120 days after the BVA Chairman has mailed notice of a denial of the reconsideration motion.  *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991); *see also Linville v. West*, 165 F.3d 1382, 1385-86 (Fed. Cir. 1999) (by implication ratifying *Rosler* holding, applying liberalizing VA regulation (38 C.F.R. § 20.305(a)) to determine date on which BVA received motion for reconsideration, and holding that NOA had been timely filed under *Rosler*, *supra*).

In the instant case, according to the Court's files, the appellant's July 1998 letter was received by this Court only as an attachment to his December 1998 NOA.  That December 1998 NOA, which "was properly addressed to the Court and mailed", was deemed to have been received on December 15, 1998, "the date of the United States Postal Service postmark stamped on the cover in which the notice [was] posted".  38 U.S.C. § 7266(a)(3)(B).  Thus, the December 1998 NOA that was actually received by the Court was filed more than 120 days after the Acting BVA Chairman's letter denying reconsideration was mailed, and the appellant (in the absence of tolling) has not met the second of the two 120-day judicial-appeal periods defined by *Rosler*, *supra*.  The question before this panel, therefore, is whether the circumstances surrounding the appellant's July 1998 letter qualify for the application of equitable tolling of the second section 7266 time period.

### C. Equitable Tolling of the Judicial-Appeal Period

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) relied in *Bailey* on *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), which it explained had held that "equitable tolling is available in suits between private litigants . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Bailey*, 160 F.3d at 1364 (quoting *Irwin*, 498 U.S. at 96). In *Bailey*, the Federal Circuit held specifically that in the paternalistic veterans' benefits context equitable tolling does not require *mis*conduct (such as trickery); however, *Bailey* does require the appellant to have been misled or induced by VA conduct "into allowing the filing deadline to pass". *Bailey*, 160 F.3d at 1365; *see also Cintron*, 13 Vet.App. at 257. In *Bailey*, the Federal Circuit recognized that *Irwin* had refused to "extend equitable tolling" in a situation that was "'at best a garden variety claim of excusable neglect'". *Bailey*, *supra* (quoting *Irwin*, *supra*). This rather confusing use of "excusable" to characterize something that will *not* be excused through the application of equitable tolling is another way of saying that, in order for an appellant to have been "induced by VA conduct", the appellant must have relied to his or her detriment on something that VA did that breached a duty to that particular VA claimant or, perhaps, some action VA had a duty not to do (such as not to destroy an NOA through negligent or intentional conduct). *See Bailey*, *supra* (noting that veteran had accepted and relied on VA "advice and aid" and was misled by that VA conduct "into allowing the filing deadline to pass").

The Secretary has provided evidence, in the form of a May 1, 1998, Notice that accompanied the BVA Acting Chairman's denial of BVA reconsideration, that VA properly and promptly advised the veteran of his appellate rights, as required by 38 U.S.C. § 5104(a), and the appellant has not refuted that evidence. *See* 38 U.S.C. § 5104(a) (when VA makes a decision as to a claim for benefits, the Secretary "shall, on a timely basis, provide the claimant . . . notice of such decision . . . [that] shall include an explanation of the procedure for obtaining review of the decision"); *Thompson (Charles) v. Brown*, 8 Vet.App. 169, 175-76 (1995) (holding that section 5104(a) applied to BVA decisions as well as RO decisions). The Court thus holds that the appellant was fully advised of his appellate rights in accordance with section 5104. *See Cummings v. West*, 136 F.3d 1468, 1474 (Fed. Cir. 1998), *overruled on other grounds by Bailey*, 160 F.3d at 1368; *see also Bailey*, 160 F.3d at 1364-65 ("[w]e know that he was informed that an appeal has to be filed with the [Court]"); *cf.*

*Cintron*, 13 Vet.App. at 258 (holding, as to motion for BVA reconsideration delivered to RO, that appellant was fully advised of his appellate rights where the Secretary had provided evidence of a dated Notice that had accompanied BVA decision on appeal). That Notice specifically provided that an NOA is to be filed with the Court at U.S. Postal zip code 20004. There is nothing misleading or ambiguous in the BVA Notice's address reference that could reasonably be said to have induced the appellant to miss the NOA filing deadline. *See Chastain v. West*, 13 Vet.App. 296, 300 (2000) (citing *Gilbert v. Secretary of HHS*, 51 F.3d 254, 257 (Fed. Cir. 1995)); *Cintron*, *supra* (same).

As the appellant concedes, in addressing his July 1998 letter to this Court he used zip code 20420, whereas, as the BVA Notice had advised, the Court's correct zip code is 20004. That July 1998 letter was thus not "properly addressed to the Court" as required in order for that mailing to have preserved his appellate rights under 38 U.S.C. § 7266(a)(3) and U.S. VET. APP. R. 4(a). *See Baisden v. West*, 11 Vet.App. 215, 217 (1998) (citing *Irwin*, *supra*); *see also Luskey v. Derwinski*, 2 Vet.App. 382 (1992).

The Secretary concedes that an OGC employee signed the return-receipt card on July 27, 1998, and accepted that mailing. Even assuming, as the appellant contends, that that VA signature misled him into believing that his NOA had been received by the Court within the 120-day statutory period and thus that VA conduct caused him to miss that deadline and was thus a contributory cause of the late filing, what ultimately distinguishes this case from *Bailey* is the extent to which the appellant's adversary in this case, the Secretary, or his agents, undertook, or had by law or regulation, a duty to this claimant to deliver his misrouted NOA to the Court on a timely basis once it was received by the wrong VA addressee. In *Bailey*, the Federal Circuit suggested strongly that equitable tolling of the 120-day NOA period would be applicable where the appellant had relied on the volunteered promise of a VA claims-benefits counselor to forward the appellant's NOA to the Court. *Bailey*, 160 F.3d at 1365. Under those circumstances, the voluntary action of that VA employee towards the particular claimant there created an obligation on the part of that employee, and his principal, the Secretary, to take steps to forward that NOA to the Court as promptly as possible. VA breached that obligation in *Bailey*. In contrast, in *Baisden*, this Court held that no such duty to forward would arise in a case where the claimant improperly addressed his NOA to VA's General Counsel instead of the Court and "where the Secretary had properly informed an appellant of the

7

filing requirements and expressly cautioned that mailing to the [OGC] would not preserve his or her appellate rights." *Baisden*, *supra* (citing *Irwin*, *supra*); *see also Jaquay v. West*, 11 Vet.App. 67, 72 (1998) (holding, as to motion for BVA reconsideration delivered to RO, that RO has no duty to forward to Board or return to appellant a motion for reconsideration by BVA that had been mistakenly submitted to RO). *See also Bonneville Assoc*. *v. Barram*, 165 F.3d 1360, 1365-66 (Fed. Cir. 1999); *Leonard*, 12 Vet.App. at 555; *cf. Jones (Carlos) v. West*, 13 Vet.App. 129, 131 (1999) (dictum that if equitable tolling were available as to 30-day statutory filing period for application under Equal Access to Justice Act (EAJA), it would not be triggered in case where EAJA application was sent by private carrier to Court without suite number and was delivered within 30-day filing period to VA OGC, which did not deliver it to Court until after expiration of filing period). *But cf*. *Zajicek v. West*, 12 Vet.App. 48, 50 (1998) (holding that where mailed motion for BVA reconsideration was addressed to BVA but lacked VA "mail stop" code in address, claimant had substantially complied with 38 C.F.R. § 20.1001(b) mailing requirements and with BVA Notice).

In *Bailey*, although a similar Notice was sent by the Board to the claimant, the voluntary undertaking by the VA benefits counselor superseded any such generalized Notice because the counselor assumed a specific obligation to the claimant to act in such a way that the claimant could reasonably have believed would result in a timely filing. No such action intervened after the Notice was sent to the claimant in the instant case so as to excuse his failure to mail the NOA in accordance with the instructions given to him by the BVA Notice. Hence, although in the instant case the Secretary received the veteran's July 1998 letter 30 days before the expiration of the second 120-day NOA-filing period, "even if the Court were to assume a [generalized] duty on the part of VA's General Counsel as an officer of the Court to forward . . . to the Court [any NOA] as to which there was reason to believe that it was misdirected to the [OGC] rather than mailed to the Court," as the Court concluded in *Baisden*, "failure to so forward an NOA could not toll the section 7266(a) NOA-filing period". *Baisden*, *supra* (citing *Irwin*, *supra*).

Finally, the appellant argues, without providing supporting evidence, that the misdelivery of the July 1998 letter was not based solely on his error but that the U.S. Postal Service had recently advised him that that agency should have returned to him for an address correction the return-receipt-requested July 1998 letter, rather than have delivered it to an incorrect address that merely matched the zip code. Even assuming that the Postal Service should have caught the appellant's error and

corrected it by returning the July 1998 letter to him, we hold that the appellant cannot circumvent the 120-day deadline by claiming that an entity other than his adversary here, the Secretary and his agents, erred in failing to correct the address defect that the appellant himself caused by his own lack of due diligence, *see Irwin*, *supra*; *Bailey*, 160 F.3d at 1365; *see also Jones (Carlos)*, *supra*.

In light of the foregoing, the Court holds that there is nothing in this appeal that allows for equitable tolling of the 120-day statutory judicial-appeal period under *Irwin* and *Bailey*, both *supra*. Accordingly, the Court holds that the appellant has failed to carry his burden of establishing that his NOA was filed with the Court within 120 days after notice of the BVA's final decision was mailed to him or that that NOA was timely filed under the tolling doctrine of *Rosler*, *supra*, for the filing of an NOA within 120 days after mailing of notice of a denial by or on behalf of the BVA Chairman of a claimant's motion for BVA reconsideration. The Court is thus without jurisdiction to review this appeal and must dismiss it. *See McNutt* and *Bethea*, both *supra*.

### III. Conclusion

Upon consideration of the foregoing analysis, the record on appeal, and the submissions of the parties, the Court dismisses as moot the Secretary's March 7, 2000, motion to withdraw his March 12, 1999, motion to dismiss and dismisses this appeal for lack of jurisdiction.

APPEAL DISMISSED.